PROB 12B
(7/93)

# United States District Court
## for the
### Southern District of West Virginia

### Request for Modifying the Conditions or Terms of Supervision
### with Consent of the Offender

Name of Offender: Brennon Michael Adkins      Case Number: 3:22CR00214

Name of Sentencing Judicial Officer: The Honorable Robert C. Chambers, United States District Judge

Date of Original Sentence: November 13, 2023

Original Offense: 18 U.S.C. §§ 922(j) and 924(a)(2), Possession of a stolen firearm, which had been shipped and transported in interstate commerce

Original Sentence: Five years of probation

Type of Supervision: Probation      Date Supervision Commenced: November 13, 2023

Asst. U.S. Attorney: Troy Daniel Adams      Defense Attorney: Michelle R. Fox

---

## PETITIONING THE COURT

[ ] To extend the term of supervision for __ years, for a total term of years.
[X] To modify the conditions of supervision as follows:

**Replace special condition:**

**Following completion of Recovery Point, the defendant will be placed on 3 months of home detention.**

**With the following condition:**

**The defendant, Brennon Adkins, shall reside at Dismas Charities, residential reentry center, in St. Albans, West Virginia, for a period of up to 90 days as a condition of supervised release. Should the defendant obtain appropriate housing, the defendant may be released from Dismas Charities, prior to the completion of the 90 days, as approved by the probation officer. The defendant shall observe all the rules and regulations of the facility. The defendant's subsistence shall be waived, and all funds saved to obtain housing upon his release.**

## CAUSE

On November 13, 2023, Mr. Adkins was sentenced to 5 years of probation by the Honorable Robert C. Chambers, for violating 18 U.S.C. §§ 922(j) and 924(a)(2), possession of a stolen firearm, which had been shipped and transported in interstate commerce. The defendant was ordered to complete placement at the Recovery Point inpatient substance abuse treatment program. Mr. Adkins was in Recovery Point at the time of sentencing and had about 6 months remaining to complete.

On December 5, 2023, Supervising United States Probation Officer Kara Dills, filed a noncompliance summary advising the Court the defendant was removed from Recovery Point inpatient substance abuse treatment center on November 22, 2023. On December 4, 2023, the defendant entered and completed Prestera's 28-day inpatient substance abuse program. On January 2, 2024, the defendant entered Recovery Point inpatient substance abuse treatment program again.

On April 4, 2024, the defendant left Recovery Point prior to completion. On April 5, 2024, Mr. Adkins entered the Anchor Project inpatient substance abuse program in Huntington, West Virginia, and was instructed to complete the 8 to 24-month long term program. This was reported to the Court on April 5, 2024.

On November 29, 2024, Mr. Adkins was suspected to be under the influence of substances at the Anchor Project. On December 4, 2024, he was discharged prior to completing the program. On the same date, he was accepted into the Advocate House inpatient substance abuse treatment program in Huntington, West Virginia. He was instructed to complete the 7–9-month program. This was reported to the Court on December 10, 2024.

On January 8, 2025, Mr. Adkins was discharged from the Advocate House for not putting effort into the program. This was reported to the Court on March 7, 2025.

Mr. Adkins had not completed a long-term substance abuse treatment program; the defendant has been in either outpatient or inpatient substance abuse treatment since December 2022. The defendant's last positive drug screen was on November 30, 2023. This officer referred the defendant to weekly outpatient substance abuse treatment and weekly urine screens at a local contracted treatment provider after his removal from the Advocate House program. The defendant has remained negative for controlled substances on all urine collections since that time.

On March 3, 2025, the defendant began the three-month term of home confinement at his mother's residence. On April 1, 2025, the defendnat was able to get his own apartment through Recovery Point's sober living apartments. However, on May 1, 2025, the defendant was removed from the sober living apartment after failing to return home from work one night. The defendant also violated his home confinement on the same night. Mr. Adkins is now residing with his brother in Huntington, West Virginia.

This officer believes a period of up to 90 days at the community correction center will provide the defendant a stable residence as well as the opportunity to locate employment and save the funds for securing his own residence upon completion. The officer respectfully recommends the addition

of this special condition in place of satisfying the remainder of the special condition to complete 3 months of home confinement.

Respectfully Submitted,

*/s/ Jeffrey Bella*

Jeffrey Bella  
Senior United States Probation Officer  
May 16, 2025

THE COURT ORDERS:

[ ] No Action  
[ ] The Issuance of a Summons  
[ ] A Hearing Be Scheduled in This Matter  
[ ] Other  
[✓] The Modification of Conditions as Noted Above

_____  
The Honorable Robert C. Chambers  
United States District Judge

_____6/16/25_____  
Date

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

## UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BRENNON MICHAEL ADKINS, DOCKET NO. 3:22CR00214

I, **BRENNON MICHAEL ADKINS**, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of probation or supervised release or before my term of supervision is extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing. I further understand that I may waive my right to a hearing after conferring with counsel or by making such waiver before a United States Magistrate Judge.

_BA_ I acknowledge that I have conferred with counsel prior to executing this waiver and I hereby willingly, knowingly, and voluntarily waive my statutory right to a hearing and agree to the following modification(s) of my conditions of probation or supervised release, or to the proposed extension of my term of supervision:

**Replace special condition:**

**Following completion of Recovery Point, the defendant will be placed on 3 months of home detention.**

**With the following condition:**

**The defendant, Brennon Adkins, shall reside at Dismas Charities, residential reentry center, in St. Albans, West Virginia, for a period of up to 90 days as a condition of supervised release. Should the defendant obtain appropriate housing, the defendant may be released from Dismas Charities, prior to the completion of the 90 days, as approved by the probation officer. The defendant shall observe all the rules and regulations of the facility. The defendant's subsistence shall be waived, and all funds saved to obtain housing upon his release.**

**Probationer or Supervised Releasee**

Brennon Adkins
Print Name

Brennon Adki[ns]
Signature

5/29/25
Date

**Counsel**

Jonathan D. Byrne
Print Name

/s/ J.D.B.
Signature

6/18/2025
Date